UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Be.R., a minor student, by and through his parents, Chr.R. and Cha.R., and L.L., a minor student, by and through his parents, B.L. and R.L., and all persons similarly situated, ) ) ) ) ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| v. ) ) | Case No. 3:18-cv-00754 Judge Aleta A. Trauger | |
| TENNESSEE DEPARTMENT OF EDUCATION and TENNESSEE STATE BOARD OF EDUCATION, ) ) ) ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

The plaintiffs have filed a Motion for Joinder of Additional Named Plaintiff and Proposed Class Representative (or Remand) of Br.R. (Docket No. 59), to which the Tennessee Department of Education and Tennessee State Board of Education have filed a Response (Docket No. 61), and the plaintiffs have filed a Reply (Docket No. 65). For the reasons set out herein, that motion will be denied.

The complex procedural history of this matter can mostly be found in the court's Memorandum of February 15, 2019 (Docket No. 28 at 7, 22) and its Memorandum of October 1, 2019 (Docket No. 49 at 5–8). Counsel representing the families of three students—L.L., Be.R., and Br.R.—filed a joint putative Class Action Complaint against the defendant state agencies alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, related to the Carroll County Special Learning Center ("CCSLC"). The IDEA requires exhaustion of the state administrative process before filing a federal complaint, with a few limited

exceptions. 20 U.S.C. § 1415(i)(2)(A); *see S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 642–43 (6th Cir. 2008). L.L. had exhausted his state administrative remedies against his local educational agency, but not against the defendants. Be.R. and Br.R. had not exhausted their state administrative remedies toward any party. The defendants filed a Motion to Dismiss arguing, among other things, that the claims should be dismissed for failure to exhaust. (Docket No. 10.)

The court held that Br.R. and L.L., whose claims involved CCSLC's treatment of non-preschool students, were required to exhaust the state administrative process. The court, accordingly, dismissed their claims without prejudice. The court held, however, that Be.R. was not required to exhaust the state administrative process because, based on his description of his claims, administrative exhaustion would have been futile. (Docket No. 28 at 14–18.)

After the court's Order, L.L. and Br.R. filed state administrative claims against the defendants. Although L.L. and Br.R. filed jointly, the administrative law judge ("ALJ") severed their cases. The ALJ then dismissed Br.R.'s complaint on the ground that Br.R. had named only the state-level defendants and not his local educational agency, which the ALJ ruled to be an indispensable party. Br.R. filed a motion to reconsider, and the ALJ reinstated the complaint but required him to include the local educational agency as a respondent, which he did. (Docket No. 59 ¶¶ 5–8; Docket Nos. 59-2 & -3.)

Meanwhile, L.L.'s case proceeded to a hearing, after which the ALJ ruled in favor of the defendants. Specifically, the ALJ held that L.L. had been denied a free appropriate public education ("FAPE") under the IDEA, but that the denial was not the result of any violation of the law by the TDOE. (Docket No. 59-5 at 13.) The ALJ noted that L.L. had already resolved his claims against the party that the ALJ considered responsible, the local educational agency. (*Id.*)

On December 6, 2019, the plaintiffs, on agreement of the parties, were permitted to amend their Complaint to name L.L., once again, as a plaintiff. (Docket No. 58.)

Following the ALJ's ruling in L.L.'s case, Br.R. suggested to the defendants that the parties file a joint proposed order in Br.R.'s case, stipulating that the same reasoning was dispositive as to Br.R.'s claims. (Docket No. 59-7.) That order would have allowed Br.R. to exhaust the administrative review process quickly, despite the fact that his case had procedurally lagged behind L.L.'s. The defendants ultimately did not agree to the proposed order. (*Id.* ¶¶ 9–11.) Br.R., therefore, filed a motion for judgment on the pleadings, seeking—in a step that was superficially unusual but makes sense in context—an administrative judgment in favor of his opponents, the defendants, in order to complete the required administrative exhaustion. The defendants opposed the motion, and the ALJ denied it. (*Id.* ¶¶ 12–14; Docket Nos. 59-8, -9, & 11.)

Counsel for the plaintiffs then filed this motion, seeking to join Br.R. as a plaintiff in this court pursuant to Fed. R. Civ. P. 20, despite his ongoing administrative proceeding. The plaintiffs argue that the court should construe the judgment in L.L.'s administrative proceeding as having exhausted Br.R.'s administrative remedies, because the reasoning in L.L.'s case would necessitate the same conclusion in Br.R.'s. The plaintiffs liken their argument to the "single filing rule" recognized by the Sixth Circuit regarding EEOC charges. "'The single filing rule' allows one plaintiff's administrative charge to satisfy the charging obligations of other plaintiffs" in certain situations. *Peeples v. City of Detroit*, 891 F.3d 622, 631–32 (6th Cir. 2018) (quoting *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995)). Although the rule often comes up in class action cases, it is not limited to the class action setting. *Id.* As long as the later claim is "substantially related" to the claim for which a timely charge was filed and "arises out of the same

time frame," the second plaintiff is not required to satisfy Title VII's filing requirement. *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994).

The plaintiffs have not identified any Sixth Circuit precedent applying the same-filing rule to IDEA claims, and the Sixth Circuit itself has stressed that the exceptions to the IDEA exhaustion requirement are narrow and limited. *See, e.g.*, *F.C. v. Tenn. Dep't of Educ.*, 745 F. App'x 605, 608 (6th Cir. 2018) (stating that "[t]here are narrow exceptions to the exhaustion requirement" and listing exceptions, none of which is the single-filing rule); *Donoho ex rel. Kemp v. Smith Cty. Bd. of Educ.*, 21 F. App'x 293, 297 (6th Cir. 2001) (same). The Sixth Circuit has construed the exceptions narrowly because the administrative process serves an important purpose within the IDEA framework. As the Sixth Circuit has written,

> the IDEA gives the "primary responsibility . . . for choosing the educational method most suitable to the child's needs . . . to state and local educational agencies in cooperation with the parents or guardian of the child." The federal courts are not the entities best equipped to craft an IEP or remedial substitutes. They are, instead, suited to reviewing detailed administrative records, such as those that would be furnished through due process hearings (the statutory provision for which also provides for federal appeal therefrom) under the IDEA.

*Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 433–34 (6th Cir. 2006) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 207 (1982)).

Moreover, the preference for resolving complaints administratively, rather than through the slow pace of litigation in court, puts an emphasis on resolving problems quickly, before the harm done to a child has compounded itself over time. Indeed, as this court mentioned earlier in this litigation, L.L.'s administrative complaint against his local educational agency appears to be an example of the benefits of resolving issues administratively. (*See* Docket No. 28 at 15 (noting that L.L.'s claims against the local agency have been resolved and CCSLC has been shut down).) While these claims remain mired in a procedural morass, his claims against the West Carroll

Special School District were resolved in August of 2018, when the district agreed to take numerous remedial measures to assist L.L. (Docket No. 22-6; Docket No. 59-5 at 4.)

In any event, as the defendants have pointed out, it is far from clear that the ALJ's decision with regard to L.L. actually should be read as capable of resolving Br.R.'s complaint. Contrary to the plaintiffs' characterization, the ALJ did not base her analysis on a categorical rejection that a state educational agency could be liable in an IDEA case. Rather, the ALJ explicitly entertained the possibility that liability was possible, if L.L. could establish a state-level violation that led to his FAPE denial. (Docket No. 59-5 at 12–13.) That is a factual issue, and L.L.'s alleged failure to make an adequate showing does not mean that Br.R. will fail as well. Different plaintiffs with similar injuries may still present different evidence.

Finally, the court notes that there are substantial prudential reasons against adopting the broad exception to the exhaustion requirement that the plaintiffs advocate. Issues frequently recur between IDEA cases, and the number of potential IDEA defendants is limited. *See Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 679 (6th Cir. 2001) (suggesting that only educational agencies may be sued for deprivation of a student's IDEA rights). As a result, many separate IDEA complaints are similar in substance, closely spaced in time, and directed at the same defendants— that is to say, many plaintiffs could skip the administrative process if the plaintiffs' proposed exception were adopted. Allowing the kind of piggybacking that the plaintiffs advocate would not affect merely procedurally unusual cases such as this one. To the contrary, entire large categories of child could be relieved of the exhaustion requirement merely because a child with a similar

5

claim went before them. The court will not adopt such a significant change in a defining feature of special education law without some persuasive basis in statutory text or the caselaw of the circuit.[1]

In the alternative, the plaintiffs ask the court to reconsider its earlier ruling that exhaustion is required for Br.R. in the first place. Specifically, they argue that the subsequent developments in his case and L.L.'s case demonstrate that exhaustion was, in fact, futile after all. The plaintiffs point out, correctly, that the court "possess[es] the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). There are, however, good reasons why the court uses that power sparingly. Repeated reconsideration of issues is typically not a good use of the resources of either the court or the parties. Here, it would also mean wasting the resources of the state ALJ, who took up Br.R.'s claims based on this court's dismissal of them. The court sees no persuasive reason to allow a plaintiff who has already lost his futility exception argument to come back to the court for a second bite of the apple merely because things are not going his way in the administrative process. It is commonplace for a litigant to realize that he is likely going to lose at a particular level. That does not mean that he can skip the actual resolution of that stage of proceedings. Moreover, as the court has already noted, it is not, in fact, the case that the decision on L.L.'s complaint resolves Br.R.'s claims conclusively.[2]

---

[1] The court notes, however, that its holding does not address the separate, narrower question of whether exhaustion may be excused for class members after a class has been certified. So far, no class has been certified in this case.

[2] The plaintiffs also mention, very briefly, an alternative request for a "remand of Br.R. to this [c]ourt." (Docket No. 59 at 6.) However, despite the difference in terminology, the relief sought and arguments advanced are the same, and the court finds the request unpersuasive.

The plaintiffs express understandable frustration at the procedural complexity that has overtaken this case. As the court has previously noted, some of that complexity is the fault of the defendants, particularly with regard to their inclusion of incorrect facts in their Answer and discovery responses and their failure to correct those errors in a timely manner. (*See* Docket No. 49 at 10–14.) With regard to this particular issue, however, it was the plaintiffs' decision not to exhaust all of their claims against all appropriate defendants before coming to federal court. This situation is a direct result of that decision.

In short, Br.R.'s administrative case is ongoing, and this court will not treat it as otherwise. The plaintiffs' motion is therefore **DENIED** without prejudice to joinder of Br.R. when he has exhausted state administrative remedies.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge